■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO ALVAREZ-RODRIGUEZ, Appellant. [875 NYS2d 105]—Appeal

by the defendant from a judgment of the County Court, Orange County (Riley, J.), rendered August 10, 2006, convicting him of assault in the second degree, reckless endangerment in the second degree, and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

To the extent that the claims of ineffective assistance of counsel raised in the defendant's main brief and supplemental pro se brief involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Murchison*, 4 AD3d 376 [2004]). Insofar as we are able to review the defendant's claims, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.